NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3161

ADLEAN DENNIS,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED: September 7, 2006

_____

Before MICHEL, Chief Judge, LOURIE, Circuit Judge, and ELLIS,[*] District Judge.

PER CURIAM.

## DECISION

Adlean Dennis ("Dennis") appeals from the final decision of the Merit Systems Protection Board (the "Board") holding that her removal by the Department of Veterans Affairs ("the VA") was not a retaliatory personnel action prohibited under the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8). Dennis v. Dep't of Veterans Affairs, NY-1221-05-0114-W-1 (M.S.P.B. Dec. 14, 2005) ("Final Decision"). We affirm.

---

[*] Honorable T.S. Ellis, III, District Judge, United States District Court for the Eastern District of Virginia, sitting by designation.

BACKGROUND

Dennis was assigned to the nursing service at Montrose, New York from sometime in 2000 to April 2003, but was engaged full time as the president of a local union of the American Federation of Government Employees. Dennis v. Dep't of Veterans Affairs, NY-1221-05-0114-W-1, slip op. at 4 (M.S.P.B. Aug. 1, 2005) ("Initial Decision"). On June 9, 2002, she was quoted in a local newspaper as stating that a patient who had been discharged from the Montrose hospital and was subsequently struck and killed by a train had annotations in his chart stating that he should not be released and that, in her opinion, releasing the patient "was like signing his death warrant." Id. Dennis later alleged that her statement was a disclosure protected by the WPA. Id., slip op. at 5.

In May 2003, Dennis lost an election to remain as president of the local union and she then returned to nursing service at the VA as a Staff Nurse II. Id., slip op. at 4. On May 20, 2003, she submitted a doctor's note to the VA imposing restrictions on her ability to perform her nursing duties. Id. The note indicated that she could not perform repetitive motions or do any pushing or pulling due to problems with her left shoulder. Id. Subsequently, Dennis submitted additional doctor's notes continuing to limit her ability to use her shoulder, including one, dated September 19, 2003, which stated that Dennis was totally disabled. Id.

In September 2003, Dennis had surgery on her shoulder and returned to work in December of that year. Id. In the interim, viz., in November 2003, the VA's local Reasonable Accommodation Committee met to consider Dennis's request for a "reasonable accommodation" of her disability, and concluded that she could not perform

the essential functions of her position with or without accommodation. Id., slip op. at 4-5. On December 16, 2003, Dennis was reassigned to the VA's campus at Castle Point, New York, pending further review of her request for accommodation. Id., slip op. at 5. However, she refused to accept reassignment to any position other than a nursing position at Castle Point. Id., slip op. at 11. Dennis was then removed from her position effective November 19, 2004, on the ground that she was unable to perform all the essential functions of her position. Id., slip op. at 4-5.

Dennis then alleged to the Office of Special Counsel ("OSC") that seven incidents that occurred between May 2003 and November 2004 constituted retaliation by the agency for her statement to the newspaper in 2002. Specifically, Dennis claimed that the VA's notice to her that she was being separated from service was a retaliatory action. Id., slip op. at 10-14. The OSC failed to act within 120 days, entitling Dennis to appeal to the Board. 5 U.S.C. § 1214(a)(3). Having exhausted the required proceedings before the OSC as to the seven allegedly retaliatory actions, Dennis filed a timely individual right of action appeal to the Board.

On August 1, 2005, the Administrative Judge ("AJ") denied Dennis's request for corrective action, concluding that the VA proved by clear and convincing evidence that it would have taken the same actions absent Dennis's protected disclosures. Initial Decision, slip op. at 14. As an initial matter, the AJ held that Dennis "could not appeal her separation as an adverse action because she did not meet the definition of an employee who can appeal an adverse action to the Board." Id., slip op. at 3 n.*. That determination is not challenged on appeal. The AJ then held that Dennis had made non-frivolous allegations of protected disclosures, and that she had made non-frivolous

allegations that her disclosures were a contributing factor in at least some of the personnel actions at issue. Id., slip op. at 2. The AJ determined, however, that there was clear and convincing evidence in the record that Dennis's separation was related to her physical limitations, and had nothing to do with her protected disclosures. Id., slip op. at 10-14.

Dennis sought review by the full Board, the Board denied her petition, and the AJ's decision accordingly became the final decision of the Board. See 5 C.F.R. § 1201.113(b) (2006). Dennis timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

On appeal, Dennis argues that the Board did not take into account the fact that she had suffered the adverse action of removal despite her long "clean" record, and that the Board failed to consider that her removal occurred after her superiors had motive to retaliate against her. Dennis also contends that the VA did not "identify with specificity" the information it considered in determining that she was unable to perform the essential functions of her job and that the VA did not consider the "medical certificate" from her orthopedic surgeon stating that she could work full time as a registered nurse.

In addition, Dennis asserts that the Board erred by not considering other types of relief than removal, and by not considering the "medical certificate" from her orthopedic surgeon.

The government responds that the Board considered whether retaliation for the protected disclosures was a contributing factor to Dennis's removal, and correctly concluded that it was not. The government asserts that the VA clearly identified the information it considered in finding that Dennis could not perform her essential duties, and that she was separated for that reason. The government points out that the note from the orthopedic surgeon was not relevant to the VA's decision to remove her because the note was dated after the date of her separation. Further, the government argues that Dennis was not entitled to any form of relief because she was not subjected to a retaliatory personnel action.

We agree with the government that the Board's decision was supported by substantial evidence and was in accordance with law. To establish a prima facie case of retaliation for whistleblowing activity, an employee must show both that she engaged in whistleblowing activity by making a disclosure protected under 5 U.S.C. § 2302(b)(8) and that the protected disclosure was a contributing factor in a personnel action. See 5 U.S.C. §§ 1221(e)(1), 2302(b)(8). If a plaintiff establishes a prima facie case of retaliation for whistleblowing, corrective action must be ordered unless "the agency demonstrates by clear and convincing evidence that it would have taken the same personnel action in the absence of such disclosure." 5 U.S.C. § 1221(e)(2); Carr v. Social Sec. Admin., 185 F.3d 1318, 1322 (Fed. Cir. 1999).

Here, substantial evidence of record supports the Board's determination that the VA proved by clear and convincing evidence that Dennis's separation was not related to any protected disclosures and that the agency would have taken that action in the absence of those disclosures. The physical requirements of Dennis's position included the ability to move patients unable to move themselves, pushing heavy carts, dealing with patients in emergency situations by moving them, restraining them, and performing CPR, and otherwise providing "hands on" patient care. The record shows, however, that Dennis could lift no more than ten pounds or engage in pushing/pulling greater than 20 pounds, and that her repetitive motions were to be limited. Further, the record indicates that her prognosis for recovery of complete function was poor, and that her physician characterized her limitations as "permanent." Accordingly, the Board reasonably concluded that the VA had proven by clear and convincing evidence that Dennis was separated because of her inability to perform essential duties. Thus, the agency has shown that substantial evidence supports the AJ's conclusion that the agency would have removed her in the absence of any protected disclosures.

We reject Dennis's argument that the Board erred by not considering other relief. Because Dennis was not found to have been subjected to a retaliatory personnel action, she was not entitled to any form of relief. We also reject Dennis's contention that the Board and the VA should have considered a "medical certificate" from her orthopedic surgeon stating that she was able to work full time as a registered nurse. Because that note was dated May 27, 2005, after the date of her separation on November 19, 2004, it had no bearing on the motivation of the VA to separate her six months earlier, and the Board had no reason to consider it.

We have considered Dennis's remaining arguments and find them unpersuasive. We therefore affirm the Board's decision.